IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CINDY OTT,<br><br>   Plaintiff,<br><br>v.<br><br>POSTAL XPRESS, LLC,<br><br>   Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Cindy Ott ("Plaintiff" or "Ms. Ott"), by and through undersigned counsel, and files her Complaint for Damages against Postal Xpress, LLC ("Defendant"), and shows the Court as follows:

## **NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages and other appropriate relief for Defendant's discrimination against her on the basis of gender and retaliation for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* and discrimination on the basis of a

1

perceived disability in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12111 *et seq*. ("ADA").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331, 28 U.S.C §1343(a)(4), 42 U.S.C. § 2000e-5(f), and 42 U.S.C § 12117.

3.

Defendant does business in this judicial district. Additionally, the unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

During the relevant time period, October 26, 2020, through June 15, 2021, Plaintiff was employed by Defendant.

6.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

7.

Defendant is now and, at all times relevant hereto, engaged in an industry affecting commerce. During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under Title VII.  Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

8.

During all times relevant hereto, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

9.

During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

10.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Edward McKinlay, located at 560 Hembree Rd., Roswell, GA, 30076.

## ADMINISTRATIVE PROCEDURES

11.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on September 1, 2021.

12.

Plaintiff requested that the EEOC issue a "Notice of Right to Sue" on these Charges on October 25, 2021.

13.

This action is being commenced within ninety (90) days of the receipt of the Notice of Right to Sue.

## FACTUAL ALLEGATIONS

14.

Ms. Ott began working for Defendant on October 26, 2020, as a Recruiting Director. Defendant's workplace was predominantly male.

15.

From the beginning of Ms. Ott's employment with Defendant, she was not provided the necessary resources to complete her work duties.

16.

Defendant hired a male contractor to perform some of Ms. Ott's duties.

17.

Ms. Ott spoke to Mr. Cullen Graham, Vice President of Defendant and questioned the necessity of hiring the contractor. She further asked if the reason she was not given the resources to perform her duties was because she was a woman. Mr. Graham confirmed and laughed at Ms. Ott.

18.

Defendant displayed a preference for the male contractor and began leaving Ms. Ott out of communications regarding matters related to her work.

19.

Ms. Ott was consistent in her performance and attendance, whereas her male colleagues neglected to report to work.

20.

Ms. Ott needed to go through surgery and consistently attempted to schedule a day off, which Defendant delayed in granting.

21.

On June 6, 2021, Ms. Ott finally took a day of sick leave. In response, she was offered severance pay by Defendant's owner, Mr. Edward Scott McKinley, through a text message. In offering to end her employment, Mr. McKinley told Ms. Ott that she seemed "unhappy and unfulfilled".

22.

Ms. Ott declined this offer and expressed that she wished to continue working for Defendant.

23.

Upon returning to work on June 7, 2021, Ms. Ott spoke to Defendant about management's treatment of her. Specifically, she communicated with McKinley, Cullen Graham and Michael Carpenter that she had been attempting to meet with Mr. McKinley, and she felt uncomfortable in the male-dominated workplace.

24.

McKinley informed Ms. Ott that they did not want to wrongfully terminate "another woman" again.

25.

McKinley had consistently made remarks about women having mental illnesses.

26.

On June 11, 2021, Ms. Ott worked from home in order to deal with a gas leak in her home.

27.

On June 14, 2021, Defendant told Ms. Ott to again work from home, and brought in a male employee to perform her duties.

28.

Ms. Ott asked Defendant why another employee was doing her job and Defendant stated that she and the company needed to part ways and to "come up with a number." Defendant also texted Ms. Ott that the job was not good for her "mental illness."

29.

Ms. Ott requested that she continue working from home while considering the severance offer.

30.

On June 15, 2021, Defendant emailed Ms. Ott that her termination was final, whether or not she accepted their offer.

31.

Ms. Ott never received the severance package offered by Defendant.

32.

Ms. Ott was the only woman in the company and was replaced by a male employee.

## CLAIMS FOR RELIEF

## COUNT I:  GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

33.

Plaintiff re-alleges paragraphs 14-32 as if set forth fully herein.

34.

Defendant's actions in subjecting Plaintiff to different and materially less favorable terms and conditions of employment on the basis of her sex constitutes unlawful discrimination on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

35.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

36.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunities and has otherwise adversely affected her status as an employee because of her sex.

37.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

38.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT II:  RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

39.

Plaintiff re-alleges paragraphs 14-32 as if set forth fully herein.

40.

Defendant's actions, as detailed above, in retaliating against Plaintiff because of her protected activity (complaining about the gender based harassment and discrimination to management) constitutes unlawful intentional retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

41.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

42.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her gender.

43.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have sdversely affected her economic, pyschological, and physcial well-being.

44.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

## COUNT III: DISABILITY DISCRIMINATION IN VIOLATION OF ADA

45.

Plaintiff re-alleges paragraphs 14-32 as if set forth fully herein.

46.

Plaintiff was perceived to have an impairment which substantially limited one or more major life activities. Specifically, Defendant perceived Plaintiff to suffer from mental illness.

47.

Defendant regarded Plaintiff as having a disability such that she is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

48.

Plaintiff has a record of having a disability and/or perceived disability such that she is a person with a disability within the meaning of the ADA, as amended.

49.

Plaintiff's perceived physical impairment is a "disability" within in the meaning of the ADA, as amended.

50.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

51.

Defendant terminated Plaintiff's employment because of her perceived disability, or record of having a perceived disability.

52.

By terminating Plaintiff's employment because of her disability, perceived disability, or record of having a disability, Defendant violated the ADA, as amended.

53.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

54.

Defendant treated other employees outside Plaintiff's protected class differently.

55.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of a disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e *et seq*.

56.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

57.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

58.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

59.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

60.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

61.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

62.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991.

63.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, and 42 U.S.C. 2000e *et seq*.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a)  General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)  Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)  Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)  Reasonable attorney's fees and expenses of litigation;

(e)  Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

Respectfully submitted the 11th day of January, 2022.

**BARRETT & FARAHANY**

 s/ *Amanda A. Farahany*
Amanda A. Farahany
Georgia Bar No. 646135

*Attorney for Cindy Ott*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
amanda@justiceatwork.com